UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| TIFFANY MARKLEY,<br>               Plaintiff,<br>vs.<br>GLEESON & ASSOCIATES, LLC,<br>               Defendant. | Case No. 2:19-cv-02025-GMN-VCF<br><br>**Report and Recommendation**<br><br>MOTION FOR DEFAULT JUDGMENT (ECF NO. 14) |

      Plaintiff Tiffany Markley filed a motion for default judgment. ECF No. 14. I recommend that plaintiff's motion be granted.

**I.    Background**

      Plaintiff alleges that defendant debt collector Gleeson & Associates, LLC violated the Telephone Consumer Protection Act (47 U.S.C. § 227 et. seq.) and the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et. seq.). ECF No. 1. On May 6, 2020, plaintiff filed a motion for entry of Clerk's default. ECF No. 8. The Clerk entered default on May 7, 2020. ECF No. 9. Plaintiff now moves for default judgement. ECF No.14. Plaintiff also filed a supporting affidavit based on her personal knowledge of the underlying facts in the complaint. ECF No. 14-1.

**II.    Discussion**

      **a.  Legal Standard**

      Federal Rule of Civil Procedure 55(a) states, "when a party against whom a judgment for

affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After the Clerk of Court enters a default, the plaintiff must petition the court to obtain a default judgment. Fed. R. Civ. P. 55(b)(2).

Before considering whether default judgment should be entered, the court has an affirmative duty to ensure that it has personal jurisdiction over the defaulted defendant and subject-matter jurisdiction over the plaintiff's action. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). A judgment without jurisdiction is void. *Id.* If jurisdiction exists, the court's decision to enter default judgment is discretionary. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Televideo Video Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917 ("Rule 55 gives the court considerable leeway as to what it may require as a prerequisite to the entry of a default judgment.") Federal Rule of Civil Procedure 54(c) limits the court's discretion in one respect: it states that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."

The Ninth Circuit has adopted seven factors courts may consider when exercising its discretion as to adjudicating a motion for default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). Under Rule 55, the court must engage in three inquiries when recommending default judgment: (1) whether the court has jurisdiction and can enter default judgment; (2) whether the court should enter default judgment (i.e., whether the *Eitel* factors favor Plaintiff); and (3) whether plaintiff has proven damages. Fed. R. Civ. P. 55.

### b. Whether Jurisdiction Exists

The analysis of plaintiff's motion begins with jurisdiction. *In re Tuli*, 172 F.3d at 712. Jurisdictional allegations must be plausible. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). On a motion for default judgment, the court accepts the allegations as true. *Televideo Video Sys., Inc.*, 826 F.2d at 917-18. The plaintiff alleges in the complaint that this Court has subject matter jurisdiction under the federal question presented in the FDCPA and TCPA pursuant to 28 U.S.C. § 1331. ECF No. 1 at 2. Plaintiff also alleges that venue is proper per 28 U.S.C. § 1391 (b) and 15 U.S.C. §1692k (d), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district. *Id*. Accepting plaintiff's allegations as true, I find that this Court has subject-matter jurisdiction over plaintiff's claims and personal jurisdiction over the defendant.

### c. Whether the *Eitel* Factors Favor Default Judgment

Since the jurisdictional requirements are satisfied, I proceed to the second question: whether the Court should enter default judgment under *Eitel*.

#### i. Prejudice to the Plaintiff

The first *Eitel* factor considers whether the plaintiff will suffer prejudice if a default judgment is not entered. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). The plaintiff properly served the defendant with the complaint. The defendant did not answer or defend against plaintiff's claims. The Clerk entered default. The defendant's failure to answer or defend against plaintiff's claims is prejudicial to plaintiff because her claims cannot be resolved on the merits absent the defendant's participation. Plaintiff will effectively be denied relief if not granted a default judgment. See *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) ("If Plaintiffs' motion for default judgment is not granted, Plaintiffs will likely be without other recourse for recovery."). The first factor favors entering default judgment.

### ii. The Merits of the Substantive Claims and the Sufficiency of the Complaint

To warrant default judgment, the complaint's allegations must be sufficient to state a claim upon which relief can be granted. *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). Plaintiff's complaint satisfies this standard because its claims "cross the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Plaintiff asserts claims for violations of TCPA and the FDCPA, all of which are meritorious and justify the entry of default judgment against the defendant. ECF No. 1.

#### 1. TCPA

The TCPA provides:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system [("ATDS")] or an artificial or prerecorded voice—
> ...
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

47 U.S.C. § 227(b)(1)(A)(iii). This statutory language "make[s] it unlawful to use an automatic telephone dialing system…without the prior express consent of the called party, to call any…cellular telephone." *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372, 132 S. Ct. 740, 745 (2012); see also *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 955 (9th Cir. 2009). "Thus, to plead a TCPA claim, Plaintiffs need only allege two elements: (1) a call to a cellular telephone; (2) via an ATDS." *Robbins v. Coca-Cola-Company*, No. 13-CV-132 - IEG (NLS), 2013 U.S. Dist. LEXIS 72725, at 5 (S.D. Cal. May 22, 2013), citing to *Connelly v. Hilton Grand Vacations Co.*, LLC, 2012 U.S. Dist. LEXIS 81332, 2012 WL 2129364, at 3 (S.D. Cal. June 11, 2012).

Markley has sufficiently alleged that she was and is the owner and subscriber of the cellular phone number at issue. Plaintiff has also sufficiently alleged that the defendant called her on her cell phone, without her prior consent. Plaintiff as also alleged that the defendant used an ATDS or prerecorded or artificial voice to place 10 calls to her cell phone. Plaintiff has plausibly alleged that the defendant violated the TCPA.

### 2. FDCPA

The FDCPA, Section 1692e provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> …
>
> (3) The false representation or implication that any individual is an attorney or that any communication is from an attorney.
>
> (4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

15 U.S.C. § 1692e (3), (4), (5). Plaintiff plausibly alleged that the defendant (1) falsely represented that a communication was from an attorney; (2) falsely represented that it would sue her when it intended to take no action, and (3) threatened to put a lien on her bank account when no legal right existed because no judgment had been entered in favor of defendant. Accepting these allegations as true, plaintiff has plausibly alleged that defendant violated the FDCPA.

### iii. The Sum of Money at Stake

The fourth factor considers "the amount of money at stake in relation to the seriousness of [the] Defendants' conduct." *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). In the complaint, for her

TCPA claim, she seeks (1) statutory damages per 47 U.S.C. § 227 (b)(3)(B)), which allows for $500 in damages for each violation; (2) treble damages pursuant to 47 U.S.C. § 227 (b)(3)(C); (3) costs; (4) an injunction preventing further wrongful contact by defendant, and (5) and other relief deemed just and equitable. ECF No. at 8. Per the FDCPA, in the complaint, she seeks, (1) statutory damages as provided by 15 U.S.C. § 1692k(a)(2)(A); (2) actual damages; (3) costs and attorneys' fees; and (4) other relief deemed just and equitable. *Id*. at 10.  In the instant motion, for monetary damages, the plaintiff asks for a default judgment against Gleeson for (1) $15,000.00 in statutory damages under the TCPA for the 10 calls defendant made by pursuant to the treble damages provided under 47 U.S.C. § 227(b)(3) for "knowing and willful" violations thereunder and (2) $1,000.00 in statutory damages under the FDCPA pursuant to 15 U.S.C. § 1692k. The plaintiff has sufficiently pled that defendant's alleged conduct, violating the TCPA and the FDCPA, warrants the full amount of monetary damages plaintiff seeks. I find that the first three factors favor granting default judgment in this case.

### iv.  The Possibility of a Dispute Concerning Material Facts

The fifth *Eitel* factor considers the possibility of dispute as to any material facts in the case. The complaint states plausible claims under *Iqbal*. Upon entry of default, plaintiff's factual allegations are taken as true. Given the sufficiency of plaintiff's claims and the fact that plaintiff's allegations must be accepted as true, there is no dispute of material fact that would preclude entry of default judgment. See, e.g., *Wecosign, Inc., v. IFG Holdings, Inc*., 845 F. Supp. 2d 1072, 1082 (C.D. Cal. 2012) ("Where a plaintiff has filed a well-pleaded complaint, the possibility of dispute concerning material facts is remote."). There is little possibility of a dispute concerning material facts. The fifth *Eitel* factor favors entry of default judgment.

### v.  Excusable Neglect

The sixth *Eitel* factor favors default judgment where the defendant has been properly served or

the plaintiff demonstrates that the defendant is aware of the lawsuit. *Landstar Ranger, Inc. v. Parth Enters.*, 725 F. Supp. 2d 916, 919 (C.D. Cal. 2010). A defendant's conduct is culpable, rather than excusable, if the defendant received actual or constructive notice of the filing of the action and failed to answer. *Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987). Plaintiff properly served defendant Gleeson with the summons and the complaint. ECF No. 7.  The sixth *Eitel* factor also favors entry of default judgment.

### vi.   The Strong Policy Favoring Decisions on the Merits

The seventh *Eitel* factor considers the public policy that "[c]ases should be decided upon their merits whenever reasonably possible." 782 F.2d at 1472. While this public policy favors a decision on the merits, a default judgment is appropriate where a defendant deliberately neglects to wage a defense. See *PepsiCo, Inc. v. California Sec. Cans,* 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) ("Defendant's failure to answer Plaintiffs' Complaint makes a decision on the merits impractical, if not impossible"). FRCP 55 was designed to address this problem. *Landstar*, 725 F. Supp. 2d at 922. Where it is impossible to adjudicate an action on the merits because a defendant refuses to participate in litigation, the strong policy favoring decisions on the merits is outweighed by the need to finalize controversies in a timely and orderly fashion, as well as by the public policy favoring judicial economy. See *O'Brien v. United States*, No. 2:07-cv-00986-GMN-GWF, 2010 U.S. Dist. LEXIS 101941, at 6, 106 A.F.T.R.2d (RIA) 2010-6243 (D. Nev. Sep. 9, 2010)  (stating that the Court was "compelled" to enter default judgment "in the interest of judicial efficiency").

The plaintiff properly served the defendant with a summons and complaint and the defendant has knowingly refused to participate in this litigation so the policies favoring finality and judicial economy outweigh the policy favoring a decision on the merits. The seventh *Eitel* factor favors entry of default judgment. Because each of the *Eitel* factors favor entry of a default judgment, I recommend granting

plaintiff's motion and entering default judgment against the defaulted defendant and in favor of plaintiff Markley.

ACCORDINGLY,

I RECOMMEND that plaintiff Tiffany Markley's motion for default judgment (ECF No. 14) be GRANTED.

I FURTHER RECOMMEND that plaintiff be awarded DAMAGES as follows: defendant Gleeson & Associates, LLC must pay $16,000 to plaintiff.

I FURTHER RECOMMEND that FINAL JUDGMENT be entered against the defaulted defendant Gleeson & Associates, LLC.

DATED this 9th day of November 2021.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE